Good morning, Your Honors. I'm Kathleen Bliss. I represent Anthony Jordan, the appellant here. Your Honors, we have a little bit of a structural issue I want to address first. I want to introduce with me at Council table Mia Krieger. She will be arguing for the amici. The Court has graciously allowed us leave for her to do that. Right. So I gather you'd like to, it's a fairly short argument. Let's keep it at 10 for a minute while we do the sorting out of how we're going to arrange this. And I gather you want about 3 minutes? Your Honor, yes. I would like... She wants about 7 minutes? She wants about 7 minutes, but I'd like to reserve 2 minutes for rebuttal. So of that 3... You know, this may turn out to be a little bit tight, but so what's going to happen is we're not going to cut you off. So let's give you about 3, you get about 7, and then we'll just see. But we will give you rebuttal time. Very well, Your Honor. I thank you. I mean, 10 minutes' share is going to be tight, so we'll make sure everybody gets to say what they need to say. Very well, Your Honor. There you go. I think that the theme of Mr. Jordan's appeal, because we essentially raised three issues, we raised sufficiency, we raised the Eighth Amendment, but most predominantly, most importantly and critically, I believe, that we call into question under Johnson I, Johnson II, and now Mathis, which I remind the Court that it came out about 8 months before the opening of this brief, about 8 months ago. And with these evolving Supreme Court cases, I think that this case draws particular consideration by this Court to examine these issues. Do we even get to the residuary clause? That's what would cause the Johnson problem. It seems to me that we may be back up in the elements clause. Oh, I think the elements clause is probably the most critical analysis that this Court can make. And Ms. Crager is going to be addressing that specifically. But I would submit that under Mathis, this Court has to carefully look at the elements, the elements themselves, and consider under this umbrella, as Justice Kagan provided, that coherence has a claim on the law. And so elements, elements, elements. Because if you leave those, if you examine the statute without microscopic focus on the elements of that particular statute, which is 18 U.S.C. section 2113,  analysis as now clearly delineated by Mathis, then you leave this conviction subject to all sorts of questions. Your argument is that this is not a crime of violence, I assume. Yes. And why is it not a crime of violence, brandishing a handgun in the course of a robbery being committed? Actually, he was convicted of possessing. He didn't have the handgun, I understand. No. He never did. He was the lookout. He got, what, a 730-month sentence versus his cooperating principal, who only got 240. You can't look at the facts under Mathis. That's the whole problem. When we look at whether or not bank robbery is a crime of violence, we have to look at the least culpable element, which I submit is intimidation or, alternatively, extortion. Both intimidation and extortion. But we've got a fair amount of testimony that the accomplice, that the other person, what's his name? Menderling. Menderling had a gun. One or more of the robberies, he was seen carrying the gun. I mean, so the question is, is he aiding and knowingly aiding and abetting someone who's using a gun during the course of a robbery? That strikes me as, I mean, if he's – if he knows that he and the other guy are committing a robbery, that the other guy is going to use a gun in the course of the robbery, I don't see how that's not a crime of violence. Your Honor, you're looking at the facts of the case. Yes. Pardon me? You're looking at the facts of the case. Yes, I am. You can't do that under Mathis. Counsel, you're arguing that we should approach this in a categorical analysis and just look at the elements of the robbery statute and take the least culpable way in which the robbery can be – can be committed? Is that your argument for us to do that in this case? Your Honor, I think you have to under Mathis. Now, my sufficiency of the argument goes right to the heart of what Judge Fletcher is saying. Right. Is that, did Mr. Jordan know, did he have beforehand knowledge about the gun? I call that questionable because not a single witness with respect to those three, that's 2, 4, and 6 are the 924C counts, not a single witness testified that they even saw Anthony Jordan. And the gun wasn't pulled out except on count 6, and that's where Mr. Munerlin laid it on the counter. I thought – I thought Munerlin did testify that Jordan was with him in the course of several robberies, and he knew that Munerlin had a gun. But as a general, he knew. Is that enough to satisfy the beforehand knowledge for Mr. Jordan? Because remember, Your Honor, they used a BB gun, too, and I would submit that that's not a firearm under 924C. It's not, but it could scare the devil out of somebody in the course of a robbery. I mean, if you don't know it's a BB gun, you know, you are committing an act of violence, aren't you? But did Mr. Jordan know before each of those robberies, as contained in counts 2, 4, and 6? Yeah, but this is now a sufficiency of evidence question after the conviction. That's a really hard mountain to climb. I know, Your Honor, and I'm prepared to just submit it on the briefs. I know it's tough. Okay. Now, you wanted three minutes. Why don't we hear from your co-counsel? I'm sorry. One question. In your brief, counsel, did you make the specific argument that the elements clause of that robbery was not a crime of violence? Did you make that argument in your brief? Your Honor, in my opening brief, I argued that bank robbery was not a crime of violence. Under the residual clause? Yes. But Mathis hadn't been decided yet. And I didn't even know about Mathis until the government raised it in their answering brief, and I read the case. I was in the Reno airport getting ready to come home. I read the case. And that's where, then, I believe the elements clause, you have to examine that. And then that drew the attention of the amici as well. From the elements clause, you say threatened use of physical force is not in play here. I'm looking at the elements clause. Has as an element the use attempted use or threatened use of physical force. That doesn't apply, according to your argument. Right. Under Johnson and then DeMaia, we cannot forget what the Ninth Circuit held in DeMaia under Section 16. And it's that risk language that is problematic. What is it? Is it it's too unpredictable? And due process does not allow criminal conviction by per adventure. Would you say Munnerlin is subject to that clause? I'm sorry, Your Honor? Munnerlin, if I'm pronouncing the name correctly. He had it gotten. But you can't look at the facts under Mathis, is what I'm saying. Let's see why you can't look at the facts. I mean, if we're talking categorical, non-categorical, and we talk about that with respect to pleas, this is a you're at a trial. Yes, but you still have to for the application of the 924Cs. Mr. Jordan is not challenging his convictions for the robberies. He's challenging the application of the 924Cs, the stacking by one source, and that's the United States government. Remember, that's something else that you look at with Mathis. You look at the jury instructions. You look at the whether or not there's a single penal application here being the one actor. But I believe that these are things, again, Mathis, Justice Kagan says over and over again, elements, elements, elements. Counsel, may I ask you, a prior precedent that has explicitly ruled that robbery is a crime of violence, you think those cases are called into question by Mathis? I do, Your Honor. And yes, I do. I do. If I may turn it ever briefly and then just reserve a little time. Okay. Let's hear from your co-counsel. Yes, Your Honor. Now, we're running the risk of going substantially over time. Why don't we put five minutes on the clock, and then we will allow you time for rebuttal. Thank you. Good morning, and may it please the Court. Mia Crager on behalf of AMICI. A demand for money does not always demand violence. Federal bank robbery can be committed in a way that is violent, but it need not be. And because of that, the categorical rule directs the result that Federal bank robbery is not categorically a crime of violence. But what do you do with our cases that say the opposite, that bank robbery in all its manifestations is a crime of violence? The cases that say that in the circuit are SELFA and Wright. And those cases have since been abrogated by Supreme Court authorities such as Moncrief that say that you have to look at the least culpable conduct and then consider whether that is violent in every case. Can I try this on you? I'm looking at the statute, 924C3, and it says, for purposes of this section, crime of violence means an offense that is a felony and has as an element the threat and use of physical force. Now, isn't a handgun put into somebody's face saying, give me your money, the threat and use of physical force? It is in that particular situation. However, the threat of violence needs to be intentional and purposeful, and that's under Fernandez-Ruiz in this circuit. And a case that demonstrates that it does not have to be intentional and purposeful is Ketchum. That's a case that we cited on page 22 of our brief. In that case, the person ---- You don't think holding a gun at somebody and saying, give me your money is a purposeful act? It is in that case. However, you have to look at the least culpable conduct under the elements. So there are other cases under those same elements that don't involve that particular act. In your view, counsel, what is the least culpable conduct that can be committed under the robbery statute? So I would direct you towards Ketchum. And in that case, a person walks into a bank and says to the teller, these people are making me do this. They are forcing me and have a gun. Please don't tell the cops. Now, the court there held that he had knowledge of the objective circumstances and that those objective circumstances were intimidating to the teller. However, the court did not go into whether he intended to threaten the teller with violence. I think the more logical reading of those facts is that he intended to get money from the teller by making the teller feel sorry for him, not by threatening the teller with violence. And I think that case shows that you can be convicted under the bank robbery statute without intentionally threatening violence. So, but did that case involve the issue of whether or not robbery is a crime of violence? No. It's a Fourth Circuit case, by the way. Right. We were using that case to demonstrate under Duenas-Alvarez that there's a realistic probability that the, that these kinds of facts would be prosecuted under the bank robbery statute. I would like to address some of the arguments that the government raised in its supplemental briefing. First, as to our argument about whether extortion is indivisible from the rest of the first paragraph of 2113A. I believe the government has misunderstood our argument in Mathis as well. We have not conceded that Hobbs Act and 2113A are the same. I don't think that defeats our argument in any way, but I do want to clarify how Hobbs Act is related to this argument and the decision that the Court needs to make in this case. The Hobbs Act and 2113 are different in terms of their structure and in terms of their history. I don't know whether Hobbs Act robbery is divisible from Hobbs Act extortion, and that's not at issue here. What is at issue is 2113A. Hobbs Act has, prohibits, quote, robbery or extortion. And then in the next sections, it lays out the definition of robbery and the definition of extortion. Ginsburg-Coper, counsel, was the argument about divisibility made by the defendant? I believe it was made in the reply brief by the defendant, at least. And of course, that was after Mathis had come down. I believe Mathis makes this argument available in a way that it wasn't available before. Let me ask you this. Is your position that the least culpable conduct under the robbery statute is intimidation? Our position is that the least culpable conduct is by extortion as a means of wrongfully obtaining money from a bank employee. If the Court does not agree with us that the statute is indivisible in that sense, then the least culpable conduct would be by extortion — I'm sorry, by intimidation, looking at such cases as Ketchum where intimidation occurred, however, the person did not intentionally threaten force. But in Wright, I thought we said robbery by intimidation is a crime of violence. Yes, but I believe that Wright has been abrogated now by Moncrief and other cases defining the categorical rule and saying that you have to look at the least culpable conduct. But if intimidation is the least culpable conduct, and we've said that intimidation is a crime of violence, then how does Moncrief change that? Well, intimidation, the mental state attached to intimidation has been defined by the Supreme Court in Carter, and that was in 2000. And Carter said that the mental state is knowledge of the objective circumstances surrounding the intimidation. And if you would... Sotomayor, was it Wright after 2000? I believe Wright was also in 2000. To be honest, I'm not sure which one of those cases occurred first. But Wright did not consider this issue, did not do any analysis on whether knowledge was a sufficient mental state to make something a crime of violence. Ketchum is a case that came down in 2008. I can't speak to whether the exact cases that were in existence in 2000 and whether that could have been made, that argument could have been made in front of that court. However, that wasn't an issue that was considered by the Wright court, so I don't think it's proper to rely on that. My thinking was that brandishing a gun brought you squarely within 924c3a, and your argument is that it does not. Is that accurate? My argument is that under 2113a, you don't always need to brandish a firearm and wave it in someone's face and threaten to harm them with it. You don't. That's correct. What if you do? In the circumstance that you do, that could be considered intimidation and that could be considered a crime of violence. But you have to look at the full range of conduct under the categorical rule. And that full range of conduct includes other kinds of facts that do not rise to the level of intentional intimidation with a firearm. Do you have a case that has applied your logic to 2113a? Has a case come out that's applied Mathis in the way that you're urging us to do so? I don't believe so. Mathis only came down 8 months ago, so I think the issue has not yet reached the appellate courts. And I don't know. Any district court cases? Not that I know of, Your Honor. But I can look. Okay, why don't we hear from the government? You've got, as it turns out, over seven minutes. But we'll give you a couple, you can figure out how you want to deal with it. We'll give you two minutes for rebuttal. Thank you. Thank you, Your Honor. Morning, Your Honors. May it please the court. John Taddy for the United States. How do we deal with Mathis? The way that we deal with Mathis, Your Honor, is the government's position is that Section 924C does require a categorical approach. This Court started the argument by asking whether we get to the residual clause. In this case, we do not get to the residual clause because 2113 meets the elements of 924C3A, the elements clause here, as held by binding circuit precedent. Under Mathis, you consider the elements of the offense. So what you look to is you look to the elements of 2113. And the elements of 2113 bank robbery are that it's an offense involving force, violence, or intimidation. There must be a dispossession of property from a person. In this case, it would be money from a person. And the individual who is accomplishing that dispossession must know that his or her actions would place a victim in reasonable fear of bodily harm of injury. That meets the standard in Johnson 1, which both Amici, well, it's really only Amici argue in this case. Petitioner didn't raise the Johnson 1 argument in their opening brief. And it also meets the standard that was first articulated by this Court in SELFA back in 1990, reaffirmed in Wright, and then reaffirmed since Johnson in United States v. Howard, which is an unpublished opinion of this Court. Every court of appeals to have addressed this issue, and it's eight court of appeals at this point, if you consider the unpublished decision in Howard in this circuit, since Johnson have held that Federal bank robbery or Hobbs Act robbery, which it's directly analogous to, qualifies as a crime of violence under the Section 2113a elements clause. If this ---- Ginsburg. What about since Mathis? Since Mathis, Your Honor, I'm not sure if every circuit has addressed it specifically since Mathis. Certainly since Johnson 2, once defendants started making the arguments that Hobbs Act robbery and bank robbery do not qualify because of the argument that the residual clause of Section 924C is also susceptible to the vagueness concerns in Johnson 2, as we noted in our brief, the government does not concede that Johnson 2 or this Court's decision in DiMaia apply to Section 924C3b. So if the Court were to reach that issue, the Court would still have to consider whether 924C3b is unconstitutionally vague. But the counsel's argument is not regarding the residual clause. It's regarding the elements clause. And the argument is that under the elements clause, if you go to the least restrictive ---- the least culpable manner of committing bank robbery and apply Mathis, there's not a categorical match. What is your response to that argument? The response to that, Your Honor, is that two courts of appeals have considered this in length at this point. The Seventh Circuit in Armour is the case, and the Fourth Circuit in a case called United States v. McNeil, and they've both held that the categorical matchup between Section 2113a, bank robbery, and 924C3a is straightforward. Bank robbery requiring the use of the use of force and violence necessarily requires the use of physical force, and bank robbery by intimidation necessarily requires the threatened use of physical force. The extortion argument that's raised really only by Amici, and therefore the government contends that that argument has been waived, is not a persuasive argument. Now, there are several cases which we cite in our brief, as well as the legislative history of the statute, that indicate that courts treat extortion under both the Hobbs Act and bank robbery ---- excuse me, extortion and robbery under both the Hobbs Act and the bank robbery statute as separate offenses. They require separate elements. They are separate crimes under Mathis. Bank robbery requires dispossession from a person directly, the immediate threat of force. Extortion does not require that. It can be accomplished remotely. It does not require the direct threat of physical force. Extortion is also accomplished with consent. The example that's given in the legislative history is somebody holding a bank teller's family hostage that calls in a request for money and has the money dropped off somewhere else. That's a consensual action by the victim in that case. Robbery requires a lack of consent. And this derives all the way back to the common law. And Supreme Court precedent holds that Congress, when it passed the bank robbery and Hobbs Act statutes, intended to incorporate the common law meanings of these terms. So getting back to Your Honor's question about the least culpable means here, the least culpable means likely are intimidation. But as every court of appeals to have addressed this argument has held, intimidation requires the threat and use of physical force under 924c3, and therefore, there is a straightforward categorical matchup. Counsel, the Moore case, R. Moore case that you're citing, how are you spelling that? It's A-R-M-O-U-R, Your Honor. And did you cite that in your brief? We did, yes, Your Honor. And I can get you the specific citation if you'd like. Okay. That's all right. I'll look. I didn't see it in your table of authorities. It is. I believe it's certainly in our supplemental brief, and I believe it's also in our response brief as well, Your Honor. I'll look at the supplemental brief because I don't see it in there. Is this Court's decision itself still good law? Yes, it is, Your Honor. This Court's decision itself is still good law, and I think it was a panel of this Court. It was not a published opinion of this Court. But this Court in Howard reaffirmed that holding that was also held in Wright, stating that 2113a, bank robbery and its requirements of forced violence and intimidation meets the elements clause of 924c3a. Is that the government's best case for affirming this conviction? I think at this point, Your Honor, it is binding precedent. So we would say in this circuit, yes, it is our best case. Wright also — excuse me, Wright also and Howard, the unpublished decision. In terms of a broader base of legal reasoning for why post Johnson, Johnson 1 and Johnson 2, as well as incorporating the categorical considerationss of Mathis and DeCamp and Taylor in that line of cases, I would say that the Fourth Circuit's opinion in McNeil and the Seventh Circuit's opinion in Armour have a very fine analysis of the categorical questions that are raised by — mostly by Amici in this case. Can I ask you about the length of this sentence? I mean, we've got someone who was not himself armed, at least insofar as the record shows, seems to have been a lookout, certainly aiding and abetting, I get that. You just sentenced him effectively to a life sentence. That's an awfully long sentence. Yes, Your Honor. Why did you charge it that way? There was a substantial sentence in this case, but if you look at the broad swath of conduct in this particular case, Mr. Jordan, in a broad variety of these cases, was an aider and abetter. He was the lookout for this bank robbery episode. He did personally commit an armed bank robbery in which he stuck a gun in a teller's face in the December bank robbery, the first bank robbery that he was charged with in Count 14. The rest of those, yes, Your Honor, he was the lookout. He was not the gunman. But under the Supreme Court's precedent in Rosamond, as Rosamond indicates, an individual cannot escape responsibility for the extremely violent crime of bank robbery just by not being the gunman and by aiding and abetting the crime. Mr. Jordan played an intrinsic role in this case. I would say that one of the good examples is I believe it was the famous footwear robbery where you're not quite answering my question. The prosecution I recognize has an enormous range of discretion as to how to charge cases, what sort of penalty that then will result, what sort of penalty to ask for, and so on. But it strikes me that I've not yet heard an answer that satisfies me as to why this was an appropriate charge, sentencing, charging, and then sentenced to ask for. I'm not saying you're not legally entitled to do it, but I'm asking you, why did you do it? Yes, Your Honor. I see my time has not yet expired. This may not be satisfying to you, Your Honor. I was not personally involved in the prosecution of this case at the trial level nor the charging decision, so I can't speak on behalf of the prosecutors themselves. What I will say is the district court did acknowledge during sentencing that these were very violent crimes. Congress has treated – has chosen to treat these crimes in an extremely serious fashion with the mandatory minimum and consecutive sentencing scheme that it has set forth. And therefore, Congress clearly believes that these punishments are appropriate. There have been other crimes in which individuals, regardless of whether or not they were the gunman, were involved in bank robberies. And what was the sentence that Munderland got? He received 240 months, I believe, Your Honor. But he did testify on behalf of the government. He did provide important information that was critical to the prosecutions of both Sesley Williams and Mr. Jordan. Do you see a sentencing disparity there because the one who was the more active participant in the robberies got a much lighter sentence? Well, Your Honor, the defendant doesn't raise that argument. He does not claim that under Section 3553a, there has been a disparate treatment between these two particular defendants. So any argument to that effect would be waived. All he raises is a constitutional challenge. And this Court has repeatedly held that as long as a sentence is within the statutory maximum, it cannot be susceptible to an Eighth Amendment challenge. Defendants routinely bring arguments that they're Section 924C convictions. I understand the arguments you're making. And I have not consulted with my fellow panel members on this one, but I think the Eighth Amendment argument in this case is a loser. What I'm after, and I think you understand it, is I fairly strongly disagree with the length of the sentence that you charged and then got for — I understand armed bank robberies are a bad thing. I understand that it is, in the ordinary terms, a crime of violence. However, no one was hurt, no guns were fired, and this is all small potato stuff in terms of the money taken. Why do you guys go after people who steal millions of dollars and sentence them if you're going to sentence this guy to 60 years? There's some other people out there waiting for some 60-year sentences, too. Your Honor, I see my time is about to expire. May I respond? Yes, please. I would be happy to communicate that message back to the U.S. Attorney's Office, Your Honor. But I would like to also say that considering the facts of this case and Mr. Jordan's behavior, Mr. Jordan was not exactly an innocent participant in this case. He did — I understand it. He is not a Boy Scout. He deserves to spend substantial time in jail. Yes, Your Honor. For these reasons, Your Honor, we affirm this court — urge this court to affirm the judgment. Thank you. Now, two minutes, and you can decide which of you would like to take the two minutes. Your Honor, just very briefly, I wanted to first point out, I did raise that it's indivisible, bank robbery, in the opening brief. That's at page 24. Again, that was before Mathis. With respect to — again, going back to the elements, this is — this is the problem and the Court's discomfort with the type of sentencing that occurred with no discretion whatsoever. I couldn't have raised 3553 because the Court had no discretion whatsoever. However, the mandatory stacking that occurs when you have three 924Cs for possession, that's what eliminates any discretion by the Court. That takes us back to elements. And as Justice Scalia, in examining extortionate conduct, in Johnson, he — and it's at page 24 also of my opening brief — he looked at the indeterminacy of extortion, as well as my argument about intimidation. I'm intimidated by the Court just arguing here, because the issues are so important. Scalia, gone way away from you, we're unarmed, we're harmless. But, Your Honor, that's why we have to follow the direction of Justice Kagan in Mathis, that we look at the elements only. Because when you get into these severe, severe sentences that are created by one actor, the United States government, if you don't look strictly at the elements themselves to determine whether or not this is a crime of violence, then you run into Sixth Amendment issues. And you're apprending. This Circuit's decision in U.S. v. SELFA seems to work directly against you. Are you suggesting that this is no longer good law? It's not under the circumstances, because SELFA looked at pre-1986 amendments to the bankruptcy — bank robbery law. In 1986, Congress included under subsection A extortion. Didn't separate it out in other sections. SELFA didn't have the benefit of that. Also, SELFA didn't have the benefit of Johnson, and then, of course, Mathis. Same thing with Wright. Okay. You're over time, so if you'd like to sum up. Your Honor, I'd like to sum up by just saying, please look hard at these elements. Okay. Got it. Thank you. Thank you so much for your thoughts. Thank both sides for your arguments. The case of United States v. Jordan now submitted for decision. The next case on the argument calendar this morning, United States v. Hall.
judges: Fuentes, W. Fletcher, Rawlinson